IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS CORP.,

Plaintiff/ Counterclaim Defendant,

v.

ALEXION PHARMACEUTICALS, INC.

Defendant/ Counterclaim Plaintiff.

Civil Action No. 25-1269-GBW

___

## MEMORANDUM ORDER

Pending before the Court is Defendant and Counterclaim Plaintiff Alexion Pharmaceuticals, Inc.'s ("Alexion") Motion to Compel Plaintiff and Counterclaim Defendant Novartis Pharmaceuticals Corp. ("Novartis") ("Alexion's Motion to Compel"), which has been fully briefed. D.I. 49; D.I. 50. Alexion seeks an Order compelling Novartis to produce documents responsive to Alexion's definition of "NOVARTIS PNH ADVERTISEMENTS," to supplement their responses to Interrogatory No. 4, and to produce documents responsive to Requests for Production Nos. 60, 64, and 65. For the following reasons, the Court grants-in-part and denies-in part Alexion's Motion to Compel.

## I.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "For purposes of discovery, relevancy is broadly construed." *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009). The moving party "bears the initial burden of establishing the relevance of the requested information." *Thompson-El v. Greater Dover Boys & Girls Club*, C.A. No. 18-1426-RGA, 2022

WL 606700, at *2 (D. Del. Jan. 28, 2022). Once the moving party meets its burden, the burden shifts to the party resisting discovery to demonstrate that the discovery is irrelevant or not proportional to the needs of the case, taking into consideration "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Thompson-El*, 2022 WL 606700, at *2.

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* D. Del. LR 7.1.1 (requiring the moving party to make "a reasonable effort . . . to reach agreement with the opposing party").

## II.    DISCUSSION [1]

### A.    Alexion's Definition of NOVARTIS PNH ADVERTISEMENTS

Alexion seeks documents from Novartis that are responsive to Alexion's definition of "NOVARTIS PNH ADVERTISEMENTS." According to Alexion, Novartis seeks to limit the definition to express statements and refuses to produce documents reflecting implied false or misleading messages. D.I. 49 at 1. Novartis contends that Alexion "mischaracterizes" Novartis's position. D.I. 50 at 1. Novartis claims that it "has agreed to a definition of NOVARTIS PNH ADVERTISEMENTS that includes the advertising challenged in Alexion's Counterclaims – which includes the impliedly false advertising Alexion has challenged in its pleadings." *Id.*

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with the case.

However, Novartis contends that Alexion seeks an overbroad definition that includes not only challenged advertising, but also additional items that extend beyond the advertising identified in the Alexion's Counterclaims. *Id.* In Novartis's view, the definition should be limited to the advertising challenged in Alexion's Counterclaims, as well as any substantively identical claims for which wording may be slightly different. *Id.* at 2.

The Court agrees with Novartis that the proper scope of Alexion's definition of "NOVARTIS PNH ADVERTISEMENTS" should encompass only the advertising challenged in Alexion's Counterclaims, together with any substantively identical claims that differ only in immaterial wording. To the extent Alexion seeks to compel the production of documents based on a broader definition or outside the scope of its Counterclaims, Alexion's Motion is denied.

## B.    Interrogatory No. 4

Interrogatory No. 4 asks Novartis to identify, in detail, "all facts known to [Novartis] that support or refute [Novartis's] contention that the NOVARTIS PNH ADVERTISEMENTS are not literally false or misleading. D.I. 49, Ex. B. Alexion argues that Novartis's response is insufficient because it provides only summaries of the clinical trials supporting the challenged advertisements. *Id.* at 2-3. Alexion contends that those summaries omit facts known to Novartis concerning the clinical trials that support or refute whether the NOVARTIS PNH ADVERTISMENTS are literally false or misleading. *Id.* Alexion therefore contends that Novartis should explain how the scientific evidence it cites supports or refutes its position that the categories of advertisements identified in the Counterclaims are neither literally false nor misleading. *Id.* at 1. Novartis responds that it has identified and described the clinical studies underlying the advertising claims challenged in this case. D.I. 50 at 2. Novartis further contends that Interrogatory No. 4 ("ROG No. 4") is impermissibly compound because the requests, in light of the volume of advertisements at issue, the breadth of topics encompassed, and Alexion's demand that Novartis analyze each

3

challenged advertisement separately, effectively seeks multiple interrogatories in a single request. *Id.*

The Court agrees with Novartis. Although ROG No. 4 is framed as a single interrogatory seeking the factual basis for Novartis's contention that the challenged advertisements are not literally false or misleading, Alexion's interpretation of the interrogatory would require considerably more. Specifically, Alexion seeks an explanation of how the scientific evidence supports or refutes Novartis's position as to more than twenty-eight (28) distinct advertisements. *See* D.I. 50-1, Ex. 1 at 6-9. Therefore, determining the factual basis for the truth or falsity of each advertisement requires separate factual analyses. Having considered the volume of the advertisements at issue and the breadth of the challenged claims, such a response would require numerous discrete analyses directed to separate, distinct advertising claims. Thus, despite being styled as a single interrogatory, the Court finds that ROG No. 4 is impermissibly compound. *See Keel v. Delaware State Univ. Bd. of Trs.*, 2021 WL 9649436, at *4 (D. Del. Mar. 30, 2021) (holding that an interrogatory was compound where the subparts "refer[red] to discrete factual allegations in the amended complaint that [were] not 'logically or factually subsumed' into a common theme"); *In re Anderson News, LLC*, 615 B.R. 45, 61 (Bankr. D. Del. 2020) (denying motion to compel interrogatory response that contained "multiple interrogatories because it request[ed]" separate information and documents for each of the "over twenty rows" in a table).

## C.    Request for Production No. 60

RFP No. 60 seeks "[a]ll documents and communications showing Novartis's sales or marketing strategy with respect to FABHALTA®, ULTOMIRIS®, or SOLIRIS®." D.I. 49, Ex. A at 17. Alexion contends that Novartis has improperly limited its production to marketing strategy documents concerning FABHALTA® only where those documents specifically reference ULTOMIRIS® or SOLIRIS®, thereby excluding responsive documents that concern

4

FABHALTA® more broadly. *Id.* at 1. According to Alexion, "Novartis should produce documents concerning FABHALTA® broadly – including advertisements implicating C5 or terminal complement inhibitors – even if they do not expressly mention ULTOMIRIS® and SOLIRIS®." *Id.*

Novartis responds that Alexion previously agreed to narrow RFP No. 60 to "documents sufficient to show" Novartis's sales strategy. D.I. 50 at 2. Novartis further represents that it agreed to produce responsive documents within that narrowed scope to the extent that the documents exist and can be located through a reasonable search. *Id.* at 2-3. Novartis asserts that Alexion raises, for the first time, concerns that Novartis will exclude strategies as they relate to C5 inhibitors. *Id.* Novartis represents that it does not intend to withhold responsive documents on that basis and will conduct a reasonable search for such materials. *Id.* However, to the extent Alexion seeks documents concerning Novartis's sales and marketing strategy for FABHALTA® that are unrelated to the claims or defenses at issue in this litigation, Novartis asserts that the request exceeds the scope of permissible discovery and amounts to an improper fishing expedition designed to identify new claims.

The Court grants-in-part and denies-in-part this request. RFP No. 60 seeks documents concerning Novartis's sales or marketing strategy with respect to FABHALTA®, ULTOMIRIS®, or SOLIRIS®. As limited by the parties, the request seeks documents sufficient to show Novartis's sales strategy. To the extent Novartis has construed the request to exclude documents concerning FABHALTA® solely because they do not expressly reference ULTOMIRIS® or SOLIRIS®, that construction is too narrow. Documents concerning Novartis's sales strategy for FABHALTA® that relate to C5 or terminal complement inhibitors, or otherwise bear on the claims and defenses in this action, fall within the scope of the requests and are relevant under Fed. R. Civ. P. 26(b)(1).

5

At the same time, the Court declines to require Novartis to produce documents concerning its sales or marketing strategy for FABHALTA® that have no relationship to the products, advertising, or issues in dispute. Such documents would exceed the scope of the parties' narrowed agreement and are not proportional to the needs of this case. Novartis represents that it does not intend to withhold responsive documents concerning C5 inhibitors and will conduct a reasonable search for such materials. The Court expects Novartis to honor that representation. Accordingly, Novartis shall produce responsive, nonprivileged document sufficient to show its sales strategy to the extent those documents relate to C5 or terminal complement inhibitors or are otherwise relevant to the claims and defenses in this action.

### D.    Requests for Production Nos. 64-65

RFP Nos. 64-65 seek, respectively, "documents concerning any claims, statements, or representations [Novartis has] made about the comparative efficacy or safety of FABHALTA® versus terminal complement inhibitors" and "documents concerning any claims, statements, or representations [Novartis has] made that FABHALTA® is superior to ULTOMIRIS®, SOLIRIS®, or other terminal complement inhibitor." D.I. 49, Ex. A at 18. Alexion contends that Novartis has refused to produce statements made to customers or HCPs regarding comparative efficacy, safety, or superiority claims concerning ULTOMIRIS®, SOLIRIS®, or other terminal complement inhibitors, as well as other nonprivileged internal documents addressing such claims. *Id.* at 1. According to Alexion, those documents are responsive and should be produced.

Novartis responds that Alexion has failed to explain why RFP Nos. 64 and 65 seek information beyond that already covered by other discovery requests. D.I. 50 at 3. Novartis represents that it has produced documents concerning comparative efficacy and safety claims challenged in the Counterclaims in response to RFP No. 58. *Id.* Novartis further notes that it has produced clinical studies, trials and investigations concerning the efficacy and safety of

6

FABHALTA® in response to RFP No. 39, as well as additional responsive material under RFP Nos. 57 and 82. *Id.* According to Novartis, any additional documents sought by Alexion amount to an impermissible fishing expedition. *Id.*

The Court agrees in part with Novartis. The discovery sought by RFP Nos. 64 and 65 substantially overlaps with documents already produced or being produced in response to RFP Nos. 39, 57, 58, and 82. To the extent Alexion seeks documents concerning comparative efficacy, safety, or superior claims that are challenged in its Counterclaims or otherwise relate to the claims and defenses in this action, Novartis has represented that such documents are being produced. Novartis shall produce such documents within 14 days of the date of this Order. Also, if Novartis has withheld otherwise responsive, nonprivileged documents concerning the comparative efficacy, safety or superiority claims specifically challenged in Alexion's Counterclaims because they were not captured under those other requests, the Court compels Novartis to produce such documents.

## III.    CONCLUSION

For the foregoing reasons, the Court grants-in-part and denies-in-part Alexion's Motion to Compel (D.I. 49).

\* \* \* \* \*

WHEREFORE, at Wilmington this 29th day of July 2026, **IT IS HEREBY ORDERED** that:

1. Alexion's Motion to Compel Novartis to produce documents responsive to Alexion's definition of "NOVARTIS PNH ADVERTISEMENTS" is **DENIED** to the extent Alexion seeks to compel the production of documents based on a broader definition or outside the scope of Alexion's Counterclaims.

2. Alexion's Motion to Compel Novartis to supplement its responses to Interrogatory No. 4 is **DENIED.**

3. To the extent that Alexion seeks documents responsive to Request for Production No. 60 concerning Novartis's sales or marketing strategy for FABHALTA® that relate to C5 or terminal complement inhibitors or otherwise bear on the claims and defenses in this action, Alexion's Motion to Compel is **GRANTED**. Novartis shall produce responsive, nonprivileged document sufficient to show its sales or marketing strategy to the extent those documents relate to C5 or terminal complement inhibitors or are otherwise relevant to the claims and defenses in this litigation within 14 days of the date of this Order. However, to the extent that Alexion seeks documents that have no relationship to the products, advertising, or issues in dispute, Alexion's Motion to Compel is **DENIED**.

4. To the extent that Alexion seeks documents responsive to Requests for Production Nos. 64 and 65 concerning comparative efficacy, safety, or superior claims that are challenged in its Counterclaims or otherwise relate to the claims and defenses in this action, which Novartis has represented that such documents are being produced, Alexion's Motion to Compel is **GRANTED**, and such documents shall be produced within 14 days of the date of this Order. Also, if Novartis has withheld otherwise responsive, nonprivileged documents concerning comparative efficacy, safety or superiority claims specifically challenged in Alexion's Counterclaims, Alexion's Motion to Compel is **GRANTED**, and such documents shall be produced within 14 days of the date of this Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE